IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON-MONTANEZ,<br><br>     Plaintiff<br><br> vs.<br><br>PA HEALTH CARE SERVICE STAFFS;<br>CHIEF COUNSEL STAFF; POLICY<br>MAKER STAFFS; JEFFREY BEARD;<br>ROBERT TRETINIK; MICHAEL HERBIK;<br>CHRISTOPHER MEYER; DARLA<br>COWDEN; PAUL DONEGAN; R.N.<br>ELLWSORTH; BONNIE RITTENHOUSE;<br>PROPERTY ROOM STAFFS, aka MAIL<br>ROOM PROPERTY ROOM STAFFS;<br>MAIL ROOM STAFFS; ACCOUNTANT<br>STAFFS; BUSINESS MANAGER; and<br>PROGRAM REVIEW COMMITTEE<br>STAFFS,<br><br>     Defendants | Civil Action No. 09-1547<br>Judge Joy Flowers Conti/<br>Chief Magistrate Judge Lisa Pupo Lenihan<br><br>Re: ECF No. 54 |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**

It is respectfully recommended that Plaintiff's so-called motion for a temporary restraining order be denied.

**REPORT**

Domingo Colon Montanez, ("Plaintiff") proceeding pro se, initiated this civil rights case on November 23, 2009. His complaint raised three main claims: 1) that some of the defendants are denying him adequate health care, ECF No. 10 at 2 to ¶¶ IV. 1 to 11; 2) some of the defendants have taken money out of Plaintiff's trust account to pay to ship his legal property and

such charge is exorbitant, and that Plaintiff's purported signature, authorizing such withdrawal of money, was forged, id. at ¶¶ 12 to 15; and 3) some of the defendants engaged in a retaliatory transfer of Plaintiff to SCI-Dallas. Id. at ¶ 17.

On September 30, 2010, Plaintiff filed a Motion for an "Immediate" TRO, complaining about a change in Department of Corrections (DOC) procedures whereby DOC will no longer accept money orders for prisoners trust accounts, and instead, any payments to prisoner trust accounts must be made through a third party vendor called "JPay." Plaintiff alleged that this change violates many of his federal rights. Judge Conti denied the TRO without prejudice, because Plaintiff failed to demonstrate irreparable injury. See Text Order entered October 8, 2010.

On February 4, 2011, Plaintiff filed another TRO, raising the exact same claim as the earlier TRO but this time claiming irreparable injury because his father will not use the new JPay system because Plaintiff's father cannot read English and that Plaintiff's other family members will not use the new JPay system but no reason is given for their refusal to do so. ECF No. 54 at 1.[1]

The TRO should be denied for at least two independent reasons. The first reason is that Plaintiff's complaint does not and, indeed, could not have contained any complaint about the JPay system. This is because Plaintiff executed his complaint on November 17, 2009 and

---

[1] Although not necessary for the disposition of this TRO motion, the Court takes judicial notice of the fact that if one calls the JPay customer service number at 1-800-574-5729, there is an option for Spanish language assistance.

according to Plaintiff, DOC did not put into effect the JPay procedure until September 1, 2010, nearly a year after Plaintiff executed his complaint. ECF No. 30 at 1.[2]

The legal rule is that one may not seek any injunctive relief on claims not made in the complaint. Ball v. Famiglio, 396 F.App'x 836, 837 (3d Cir. 2010) ("there must be 'a relationship between the injury claimed in the party's motion [for injunctive relief] and the conduct asserted in the complaint.' ")(quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)) (some internal quotations deleted); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Spencer v. Stapler, No. 04-1532, 2006 WL 2052704, at *9 (D. Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., NO. CIV. A. 96-1128, 1996 WL 255912, at *1, (E.D.La. May 13, 1996)("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."); Williams v. Platt, NO. CIV-03-281, 2006 WL 149024, at *2 (W.D.Okla. Jan. 18, 2006)("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001. In his requests for injunctive relief, the Plaintiff addresses

---

[2] See also the JPAY website which indicates that "As of 09/1/2010 the PA Department of Corrections began using JPay exclusively for ALL inmate money orders." Site available at

http://www.jpay.com/moneyorder/padoc/

(Site last visited on 3/8/2011).

matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials. A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.") (footnotes omitted). Because Plaintiff seeks injunctive relief concerning a claim not made in the complaint, the TRO should be denied for this reason alone.

In the alternative, Plaintiff's claim about this new JPay procedure violating his federal rights is simply wrong. See e.g., Ferri v. Pennsylvania Dept. of Corrections, No. 10-1706, 2010 WL 3701386, at \*3-\*4 (M.D.Pa. Sept. 24, 2010). In Ferri, the prisoner-plaintiff claimed that "the contract that the DOC has entered into with JPay whereby all money orders that asre sent to DOC inmates must be processed through JPay violates the constitutional rights of DOC inmates and their financial supporters." Id. at \*1. The Court rejected this contention, and, pursuant to the PLRA screening provision found at 28 U.S.C. § 1915(e)(2)(B)(ii), dismissed the complaint, *sua sponte* prior to service, for failure to state a claim and concluded that amendment of the complaint would be futile because nothing could cure the defect. The Court cogently explained:

> [The inmate's] allegations fail to form the basis for a claim upon which relief may be granted. Inmates do not have a constitutional right to have money orders that are sent to them as gifts by individuals outside of the prison processed directly by the DOC. [The plaintiff's] claim that the DOC's refusal to directly accept money orders from prisoners as payment for various services also fails to implicate a constitutional right. This allegation has no basis in fact because, even when the DOC directly processed money orders, inmates did not have the ability to present a money order itself as direct payment for services. Rather, as explained by [the inmate] in his petition for a preliminary injunction, the funds from a money order are deposited into an inmate's account, and the inmate then may direct the deduction of funds from his account for services by utilizing a cash slip or commissary menu form.
> [The inmate's] claim that individuals outside of the DOC prison system possess a right to have their monetary gifts to inmates in the form of money orders processed directly by the DOC rather than through JPay also fails to implicate a constitutional right. [the inmate] alleges that the new procedure requiring individuals to use a JPay deposit slip violates the rights

4

> of individuals ..., many of whom send money to DOC inmates. Notwithstanding whether [the inmate] even has standing to assert a claim ... on behalf of these individuals, there is no constitutional right for [the inmate] to attempt to protect on their behalf[.]

Id. at *3-*4. Accord Evans v. Department of Corrections, NO. 1:10-CV-1377, 2010 WL 4942232, at *6 (M.D.Pa., Oct. 15, 2010) (granting motion to dismiss and declaring "[f]inally, most fundamentally, Evans' complaint, which seeks an injunction prohibiting the Department of Corrections from enforcing this [JPay] money order processing policy, fails because Evans has not shown in any fashion that he is entitled to injunctive relief."), *report and recommendation adopted by*, 2010 WL 4955579 (M.D.Pa. Nov. 30, 2010). We agree with the foregoing reasoning and recommend denial of the TRO because Plaintiff's claim that DOC's use of JPay violates any of Plaintiff's federal rights is frivolous. Thus, we conclude that Plaintiff has failed to make a showing of likelihood of success on the merits of the claim that DOC's use of JPay violates any of his federal rights. See, e.g., Gerardi v. Pelullo, 16 F.3d 1367, 1373 (3d Cir. 1994) (setting forth requirements to show entitlement to preliminary injunctive relief).

Accordingly, for either of the two independent reasons, Plaintiff's TRO should be denied.

## **CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Civil Rule 72, the parties are allowed until March 25, 2011 to file written objections to this report. Any party opposing the objections shall file their response within 14 days after service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

Dated: March 9, 2011

Cc: Domingo Colon Montanez
    ED-3826
    SCI Dallas
    1000 Follies Road
    Dallas, PA 18612