IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON-MONTANEZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 09-1547 |
| ) | Judge Joy Flowers Conti/ |
| PA HEALTH CARE SERVICE STAFFS; ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| CHIEF COUNSEL STAFF; POLICY ) | |
| MAKER STAFFS; JEFFREY BEARD; ) | |
| ROBERT TRETINIK; MICHAEL HERBIK; ) | |
| CHRISTOPHER MEYER; DARLA ) | |
| COWDEN; PAUL DONEGAN; R.N. ) | |
| ELLWSORTH; BONNIE RITTENHOUSE; ) | |
| PROPERTY ROOM STAFFS, aka MAIL ) | |
| ROOM PROPERTY ROOM STAFFS; ) | |
| MAIL ROOM STAFFS; ACCOUNTANT ) | |
| STAFFS; BUSINESS MANAGER; and ) | |
| PROGRAM REVIEW COMMITTEE ) | |
| STAFFS, ) | |
| ) | |
| Defendants ) | re ECF Nos. [54]; [66]; [68]; [79]; [80] |
| ) | and text orders entered 3/21/2011 and |
| ) | 3/29/2011 |

## **MEMORANDUM ORDER**

Domingo Colon Montanez ("Plaintiff") proceeding *pro se* has filed appeals from many of Chief Magistrate Judge Lenihan's non-dispositive orders. This order addresses those appeals, in addition to addressing his objections to Judge Lenihan's Report recommending denial of his motion for injunctive relief.

First, Plaintiff appeals from the March 14, 2011 order, ECF No. [68], wherein Judge Lenihan denied Plaintiff's motion to have the Marshal's service personally serve some defendants. Judge Lenihan also ordered Plaintiff to amend the caption to include the actual names of individual defendants in lieu of describing them as "[_____] staff members."

Plaintiff objects to this order as being inconsistent with an order entered by this court on October 27, 2010, ECF No. [35] which provided: "The Plaintiff is directed to complete the Form providing the Marshals Service with the names and addresses of Defendants for whom this information is available. If and when the names and addresses of additional Defendants become known to the Plaintiff - through discovery or otherwise, service on these additional parties can then be effected." Id. There is no inconsistency. That order was entered over six months ago. Plaintiff should have made efforts to discover the names of those individuals in the meantime. His not doing so rests solely on his shoulders. Nevertheless, in an abundance of leniency toward a pro se Plaintiff, Judge Lenihan's order is affirmed as modified herein. Plaintiff is given until June 15, 2011 in which to obtain the names of the unnamed defendants. Plaintiff may serve a request for the names of those individuals on the counsel for the Defendants. Defendants' counsel should supply those names. Plaintiff must comply with Judge Lenihan's March 14, 2011 order by June 15, 2011, elsewise the complaint will be dismissed as to all those defendants who are not personally named. Accordingly, Judge Lenihan's order of March 14, 2011, ECF No. [68] is **AFFIRMED** as modified herein.

Plaintiff filed an appeal of Judge Lenihan's order, denying him an order requiring that the SCI-Dallas prison permit him more time in the RHU mini law library. See Text Order entered 3/21/211. Nothing in Plaintiff's appeal indicates that Judge Lenihan's order, addressing his request, was clearly erroneous or contrary to law. Accordingly, the March 21, 2011 text order, denying Plaintiff's request for more time in the law library, is **AFFIRMED**.

Next, Plaintiff appeals from Judge Lenihan's March 21, 2011 text order, directing counsel for the defendants to provide Plaintiff with copies of unreported case law available on Westlaw. ECF No. [78] at 5. Plaintiff complains that he does not have enough time to read all

the decisions cited in defense counsel's brief.  Plaintiff is in the RHU.  If he does not have money to have the decisions copied in order to read them in his cell, there is no provision under which the court can order the relief he is requesting.  Plaintiff's family may use the JPAY system in order to send him money.  Judge Lenihan's text order, regarding the 12 Westlaw decisions, being neither clearly erroneous nor contrary to law is **AFFIRMED**.

Next, Plaintiff appeals Judge Lenihan's order, denying Plaintiff a stay of this case.  See Text Order filed March 29, 2011.  Plaintiff fails to show that the order is clearly erroneous or contrary to law.  The text order of March 29, 2011 is **AFFIRMED**.

Plaintiff filed objections to Judge Lenihan's March 29, 2011 order, ECF No. [77], denying Plaintiff's third and latest request to seek pro bono counsel for Plaintiff.  Plaintiff fails to show that Judge Lenihan's order is clearly erroneous or contrary to law.  Accordingly, the order, ECF No. [77], is **AFFIRMED**.

With respect to Plaintiff's objections to Judge Lenihan's Report, ECF No. [66], recommending denial of his motion for injunctive relief, ECF No. [54], nothing in Plaintiff's objections merits rejection of the report.  If Plaintiff's family refuses to use the JPAY system, that will not serve to excuse Plaintiff from complying with deadlines and orders of this court.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 17th day of May, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion for TRO is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. [66], filed on March 9, 2011, by Chief Magistrate Judge Lenihan, is adopted as the opinion of the Court, as supplemented by this memorandum order.

Lastly, and in an effort to expedite this case, Plaintiff filed a motion (that was referred to Judge Lenihan) for extension of time in which to file responses to the defendants' motions to dismiss. ECF No. [80]. Plaintiff sought 60 days after this court ruled on his many outstanding appeals of Judge Lenihan's orders. Plaintiff's motion will be granted in part. Plaintiff is given until June 3, 2011, in which to file his response to the two pending motions to dismiss. It is noted that the first motion to dismiss was filed on February 16, 2011. Plaintiff requested and was granted a motion for extension of time in which to file a response, which gave him until April 15, 2011 in which to file his response to the first motion to dismiss. Similarly, he was granted a motion for extension of time in which to file his response to the second motion to dismiss. ECF No. [69]. The second motion to dismiss was filed on March 8, 2011. On March 21, 2011, Plaintiff was granted an extension of time until May 16, 2011 in which to file a response. Accordingly, Plaintiff's motion for extension of time, ECF No. [80], is **GRANTED IN PART** and Plaintiff is ordered to file his response to the Motions to Dismiss no later than June 3, 2011. Plaintiff is advised that his failure to file a response by the deadline to the Motions to Dismiss may result in the motions being granted as unopposed.

s/Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Date: May 17, 2011

cc:
    Lisa Pupo Lenihan
    Chief United States Magistrate Judge

Domingo Colon Montanez
ED-3826
SCI Dallas
1000 Follies Road
Dallas, PA 18612

All counsel of record by CM-ECF