IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON MONTANEZ,<br>            Plaintiff,<br><br>vs.<br><br>PA HEALTH CARE SERVICE STAFFS;<br>CHIEF COUNSEL STAFF; POLICY<br>MAKER STAFFS; JEFFREY A. BEARD;<br>ROBERT TRETINIK; MICHAEL HERBIK;<br>CHRISTOPHER MEYER; DARLA<br>COWDEN; PAUL DONEGAN;<br>ELLSWORTH; BONNIE RITTENHOUSE;<br>MAIL ROOM PROPERTY ROOM<br>STAFFS; MAIL ROOM STAFFS;<br>ACCOUNTANT STAFFS; BUSINESS<br>MANAGER; PROGRAM REVIEW<br>COMMITTEE STAFFS (PRC),<br>            Defendants. | Civil Action No. 09-1547<br>Judge Joy Flowers Conti<br>Magistrate Judge Maureen P. Kelly<br><br><br><br>ECF Nos. 58 and 64 |

## REPORT AND RECOMMENDATION

**RECOMMENDATION**

Plaintiff Domingo Montanez ("Plaintiff" or "Montanez") has filed a Complaint for the alleged violation of his rights under the First, Fourth, Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution arising out of the course of his medical treatment for Hepatitis C and end-stage liver disease while incarcerated in the care of the Pennsylvania Department of Corrections. [ECF No. 10]. In addition, Plaintiff asserts statutory claims pursuant to 42 U.S.C. §§ 1985 and 1986, as well as 18 U.S.C. §§ 241 and 242.

Presently before the Court are two Motions to Dismiss; the first, filed on behalf of Drs. Herbik, Dr. Donegan, P.A. Meyer, P.A. Cowden and Bonnie Rittenhouse (the "Medical Defendants") [ECF No. 58] and the second, filed on behalf of Defendants Jeffrey A. Beard,

1

Robert Tretinik, and R.N. Ellsworth (the "DOC Defendants") [ECF No. 64].[1] For the following reasons, it is recommended that the Motion filed on behalf of the Department of Corrections Defendants [ECF No. 64] be granted in part and denied in part. It is further recommended that the Motion filed on behalf of the Medical Defendants [ECF No. 58] be granted in part and denied in part.

## REPORT

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges that he is not receiving appropriate medical treatment at the State Correctional Institute in Dallas, Pennsylvania ("SCI Dallas") for his end-stage liver disease caused by Hepatitis C, cirrhosis and/or cancer. In particular, Plaintiff contends that his treatment is inadequate because while he has been informed that "[he] is dying slowly from [his] diseases," he has not received "medical treatment or medications," including a referral to an "outside hospital to be treated, hospitalized, or receive a liver transplant." Plaintiff alleges that Defendants Meyer, Cowden, Donegan and Ellsworth have expressed the opinion that he "need[s] a liver transplant," but each has failed to make the necessary arrangements or referrals for a liver transplant. Instead, the Medical Defendants have told him that "nothing can be done."

Plaintiff alleges he is in pain and that Defendants Herbik and Meyer have denied him pain medication. However, Plaintiff avers that he has received pain medication from Defendant Cowden to treat his "headaches, migraines, heart pain, dizziness, low blood pressure, and weakness, breathing problems." ECF No. 1-2, p. 4-5, ¶ 7, ¶ 8. Plaintiff also claims that Defendant Rittenhouse drew blood ordered by Dr. Herbik, but the test result for a Hepatitis C viral load "is no where to be found." The loss of this test allegedly impeded his ability to receive medical treatment and medication. ECF No. 102, p. 5-6, ¶ 11. Notably, Plaintiff's Complaint

---
[1] Plaintiff also named as Defendants the Pennsylvania Health Care Services Staffs, Chief Counsel Staff,

2

makes clear that at least seven different physicians, physician assistants and/or nurses have participated in his care and treatment, and that he has received blood tests, examinations and office visits, such that his medical records are contained in two volumes. In sum, it appears that Plaintiff claims the treatment and care he has received thus far is inadequate and consequently Plaintiff seeks treatment with an outside hospital and a referral for a liver transplant.

With regard to DOC Defendants Tretinik and Ellsworth, Plaintiff alleges that both DOC employees knew of his condition and his need for additional medical treatment, but failed to provide appropriate treatment or refer Plaintiff to an outside hospital for treatment or a liver transplant. Plaintiff alleges Defendant Beard, in his capacity as DOC Acting Commissioner, approved unidentified policies followed by DOC employees, which resulted in the violations of his rights under the Fourth, Eighth and Fourteenth Amendments to the Unites States Constitution. Plaintiff also alleges that Defendant Beard "has full knowledge of his policies violation." ECF No. 11, p. 3.[2]

Plaintiff seeks compensatory and punitive damages against each of the Defendants in their individual and official capacities, as well as injunctive relief requiring Defendants to refer Plaintiff for a liver transplant.

## II. STANDARD OF REVIEW

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of often frivolous and harassing lawsuits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA

---

[2] It is noted that Plaintiff has previously filed an action against certain Department of Corrections' personnel alleging the inadequacy of medical treatment received for Hepatitis C. The action, filed in the United States District Court for the Middle District of Pennsylvania at No. 01-CV-0630, was dismissed prior to service of the Complaint by Order dated May 15, 2001, for failure to state a claim upon which relief could be granted.

3

significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis ("IFP"). The amended statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In the case at issue, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[3] Thus, Section 1915(e)(2) is applicable. In applying the PLRA, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n. 2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing the Court's mandated function of review of complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court must apply the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1997) ("Under 28 U.S.C. §§ 1915A,

---

[3] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In compliance with the standard, the Complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the Complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Dismissal is proper under Rule 12(b)(6), and hence, under Section 1915(e), where the Court determines that the facts alleged, taken as true and viewed in a light most favorable to the Plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." Id. at 1950.

Following the pleading standards established by the Supreme Court's decisions in Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has instructed

5

district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Id. at 210–11 (internal citations omitted).

Finally, courts must construe complaints "so as to do substantial justice." Fed.R.Civ.P. 8(e). Courts liberally construe pro se pleadings and "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)).

## III.  DISCUSSION

### A.  **Constitutional Claims**.

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is seeking to vindicate his constitutional rights, a liberal reading of the Complaint requires this Court to construe the Complaint as invoking the Court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on

6

other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F. Supp. 877, 879 (E.D.N.Y. 1986).

In order to establish a Section 1983 cause of action, a plaintiff must allege: 1) that there was a person acting under color of state law; 2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988). Liability under § 1983 is personal in nature and a defendant is liable only if he was personally, affirmatively involved in the alleged wrong doing. Robinson v. City of Pittsburgh, 120 F.2d 1286, 1294 (3d Cir. 1997), abrogated in part on other grounds by Burington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53 (2006). As more fully set forth below, Plaintiff has sufficiently alleged a violation of his Eighth Amendment rights against all Defendants; however, to the extent Plaintiff's Complaint alludes to the First, Fourth, Fifth and Fourteenth Amendments, Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted and all such claims are dismissed as to all Defendants.

1. **Under the liberal pleading rules for pro se prisoner actions, Plaintiff has stated an Eighth Amendment Cause of Action against all Defendants.**

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate that the defendants were deliberately indifferent to his medical needs and that those needs were serious. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

A medical need is serious "if it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Johnson v. Stempler, 373 F. App'x 151, 153 n.1 (3d Cir. 2010)(quoting Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d

7

Cir. 1987)). A prison official is deliberately indifferent if he disregards a known excessive risk to the inmate's hearth and safety. The official must not only be aware of facts from which an inference can be drawn that the inmate is exposed to a substantial risk of harm; he must draw that inference. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir.2003); Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Mere medical malpractice does not constitute deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105–06 (1976); Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

Considerable latitude is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir.1977)). Nevertheless, deliberate indifference has been found when a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment for a non-medical reason, or prevents a prisoner from receiving needed medical treatment. Rouse, 182 F.3d at 197.

Plaintiff's Complaint alleges that each of the Defendants failed to provide necessary medical treatment for end-stage liver failure, a condition that is objectively serious. Plaintiff's Complaint confirms that he was receiving medical treatment while incarcerated, but argues that he was not referred to an outside specialist for a liver transplant or additional necessary treatment when each of the Defendants (with the exception of Defendant Beard) acknowledged he was dying.

In determining the existence of a constitutional violation for a failure to provide additional treatment, a prisoner does not have the right to choose a specific form of medical

treatment. Thus, if the failure to refer the Plaintiff for a transplant or to provide additional medication or treatment results from the exercise of medical judgment, whether in error or not, there is no constitutional violation.[4] Lasko v. Watts, 373 F. App'x 196, 203 (3d Cir. 2010); Chimenti v. Kimber, No. 01-CV-0273, 2011 WL 4402514, *4 (M.D. Pa. 2011), Hood v. Prisoner Health Services, Inc., 180 F. App'x 21, 25 (10th Cir. 2006) (no constitutional violation where defendant failed to refer prisoner to outside specialist). Instead, it is only where the failure or delay in providing prescribed treatment is deliberate and motivated by non-medical facts that a constitutional claim may be presented. Ordonex v. Yost, 289 F. App'x 553, 555 (3d Cir. 2008).

At this juncture, because the facts concerning the course of Plaintiff's medical treatment are unknown, it cannot be said that Plaintiff has failed to allege sufficient facts to state a cognizable claim. In particular, Plaintiff alleges that he is in pain which has not been sufficiently treated. Additionally, Plaintiff alleges that his end-stage liver failure is not being adequately treated. While development of the facts may indicate that the decisions regarding Plaintiff's treatment are based upon medical judgment and/or appropriate reliance on the medical judgment of physicians charged with Plaintiff's care, the record is not adequately developed to conclusively determine that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, it is recommended that Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim be denied.

---

[4] Mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). See also White, 897 F.2d at 108 ("mere medical malpractice cannot give rise to a violation of the Eighth Amendment."). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) citing Youngberg v. Romeo, 457 U.S. 307, 322–23, 102 S. Ct. 2452, 73 L.Ed.2d 28 (1982). See also Powell v. Symons, 2010 WL 1485682, at *3 (M.D. Pa. March 22, 2010).

As to the DOC Defendants, in general, prison staff members who are not medical personnel cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carrol, 991 F.2d 64, 69 (3d Cir.1993)); see also Gussman v. Bureau of Prisons, Civil No. 4:cv–04–2339, 2006 WL 1680851, *7 (M.D. Pa. March 14, 2006) ("a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when the inmate is already receiving treatment from the prison's medical staff.") (citing Durmer, 991 F.2d at 69); Spruill v. Gillis, 372 F.3d 218, 236 (holding "[i]f a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.").

Liability, however, may be imposed on a non-physician prison official if that official had actual knowledge or a reason to know of the medical mistreatment committed by his employees. See Spruill, 372 F.2d at 236 ("absent reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with Eighth Amendment scienter requirement of deliberate indifference."). Because Plaintiff alleges that Administrator Tretinek and R.N. Ellsworth were aware of an allegedly untreated serious medical need but failed to take any action, Plaintiff's claim is superficially cognizable and it is recommended that the Motion to Dismiss Plaintiff's Eighth Amendment claim as to Defendants Tretinik and Ellsworth be denied.

The allegations as to Defendant Beard are also minimally sufficient to state a claim. The United States Court of Appeals for the Third Circuit has held that a government supervisor can be held liable under Section 1983 for the promulgation of policies which cause constitutional violations:

> An Eighth Amendment claim implicating supervisors for their deficient policies adds another level to the analysis. Beers–Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001). To prove that a supervisory policy was so deficient to constitute deliberate indifference, a plaintiff must show that: "(1) the existing policy ... created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy." Id. at 134. We have stated that supervisor liability is established where a plaintiff shows that "the supervisory official failed to respond appropriately in the face of an awareness of a pattern of such injuries." Id. (citation omitted).

Sharpe v. Medina, 2011 WL 5439083, *2 -3 (3d Cir. 2011). Here, Plaintiff has alleged an injury resulting from Defendant Beard's promulgation and/or approval of unidentified policies. Ordinarily, pursuant to Twombly and Iqbal, supra, such allegations are utterly insufficient in the absence of identification of the allegedly deficient policies, but in this pro se action, and in an abundance of leniency, it is recommended that Plaintiff be permitted to proceed against Defendant Beard until such time as it becomes clear that Plaintiff has not suffered a constitutional violation as a result of the treatment he has received for his liver failure.

### 2. First Amendment Claim

Plaintiff fails to state a First Amendment claim because he fails to allege the denial of any protected First Amendment activity. Further, to the extent Plaintiff is invoking the First Amendment by implying that the denial of his grievances by the Defendants violated his right to petition the government, Plaintiff is simply mistaken. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998). Accordingly, it is recommended that Plaintiff's claim that his rights under the First Amendment were violated be dismissed with prejudice.

### 3. Fourth Amendment Claim

Plaintiff does not allege any facts supporting a Fourth Amendment claim against unwarranted search and seizure. There is no doubt that the protections of the Fourth Amendment with respect to seizures of a prisoner's effects or property do not apply in the prison context. Doe, 257 F.3d at 316 ("The Hudson court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."). See also Hudson v. Palmer, 468 U.S. 517, 538, 104 S. Ct. 3194, 82 L. Ed.2d 393 (1984) (O'Connor concurring) ("The fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects."). It is recommended, therefore, that Plaintiff's Fourth Amendment claim be dismissed with prejudice.

### 4. Fifth Amendment Claim

Plaintiff has sued all state actors. The Fifth Amendment protects against federal governmental action. See, e.g., Falbrook Irrigation Dist. v. Bradley, 164 U.S. 112, 158, 17 S. Ct. 56, 41 L. Ed. 369 (1896) ("The fifth amendment, which provides, among other things, that such property shall not be taken for public use without just compensation, applies only to the federal government, as has many times been decided."). There are no federal actors involved in the instant suit. As a result, it is recommended that Plaintiff's Fifth Amendment claim be dismissed with prejudice for failing to state a claim upon which relief can be granted.

### 5. Fourteenth Amendment

Finally, with regard to Plaintiff's perfunctory claim that his Fourteenth Amendment substantive and procedural due process rights have been violated, his claim is without merit. Plaintiff's due process claim is identical to his Eighth Amendment claim; he must bring the claim pursuant to the more explicit constitutional amendment. Ordonez v. Yost, 289 F. App'x.

553, 555 (3d Cir. 2008), citing Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).  Accordingly, it is recommended that Plaintiff's Fourteenth Amendment claim be dismissed.

## B. Criminal Statutes

Plaintiff's Complaint invokes Title 18 criminal statutes; specifically, 18 U.S.C. §§ 241 and 242.  However, these statutes do not provide for a private cause of action and therefore a violation of either cannot form the basis of a civil suit.  See, e.g., Walthour v. Herron, C.A. No. 10-01495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242), Jones v. Lockett, C.A. No. 08-16, 2009 WL 2232812 at *8 (W.D. Pa. July 23, 2009) ("It is clear that the criminal statutes invoked by Plaintiff, i.e., 18 U.S.C. §§ 241, 371 and 1341 do not provide for a private cause of action. In other words, those statues do not confer a right to a person.") (collecting cases). Accordingly, to the extent Plaintiff has asserted any claim under Title 18, he has failed to allege a claim for which relief can be granted and it is recommended that his claim be dismissed with prejudice.

### C. 42 U.S.C. § 1985

In his Complaint, Plaintiff also cites 42 U.S.C. § 1985 as a basis for his action. Section 1985(3) establishes a cause of action "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). It is well settled that "because § 1985(3) requires the 'intent to deprive of equal protection, or equal privileges and immunities,' a claimant must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (*quoting* Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L.Ed.2d 338 (1971)).

In this case, Plaintiff has failed to plead the requisites of a § 1985(3) conspiracy, as the pleadings of record are devoid of allegations that Defendants' conduct was motivated by a class-based, invidiously discriminatory animus. "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1376 (3d Cir. 1992), *cert. denied*, 506 U.S. 1079, 113 S. Ct. 1045, 122 L.Ed.2d 354 (1993). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1985, and it is recommended that Plaintiff's claim be dismissed with prejudice. United States ex rel. Simmons v. Zibilich, 542 F.2d 259 (5th Cir. 1976) (dismissal of cause of action for damages arising out of alleged conspiracy to interfere with civil rights was proper where convict's conclusory pleadings failed to allege any facts on which to base a conspiracy charge).

**D. 42 U.S.C. § 1986**

Plaintiff also alleges liability under 42 U.S.C. § 1986, but has failed to identify any specific acts or inactions by Defendants that support liability under 42 U.S.C. § 1986. Liability under 42 U.S.C. § 1986 is predicated on knowledge of a violation of 42 U.S.C. § 1985. <u>Bell v. City of Milwaukee</u>, 746 F.2d 1250, 1256 (7th Cir. 1984). As stated above, Plaintiff has not alleged any facts to support liability under 42 U.S.C. § 1985. Consequently, it is recommended that his claim under 42 U.S.C. § 1986 be dismissed with prejudice. *Accord* <u>Rouse v. Benson</u>, 193 F.3d 936, 943 (8th Cir. 1999) (holding that inmate's allegations did not support liability under 42 U.S.C. §§ 1985(3) or 1986 as he failed to demonstrate a meeting of the minds of the alleged conspirators).

**E. Punitive Damages Claim**

The Medical Defendants move to dismiss Plaintiff's claim for punitive damages arising out of the alleged unconstitutional deprivation of necessary medical treatment. However, because the underlying facts as to this claim have not yet been established, it is premature to consider the merits of the Defendant's motion with regard to this claim. It is recommended that Defendants' motion to dismiss Plaintiff's claim for punitive damages be denied without prejudice to seek dismissal through a Motion for Summary Judgment after discovery in this matter.

**F. Sovereign Immunity**

The DOC Defendants have moved to dismiss all claims against Defendants in their official capacities based upon the immunity provided to them under the Eleventh Amendment to the United States Constitution and/or the provisions of 42 Pa.C.S. §§ 8521-8522, Pennsylvania's sovereign immunity waiver provisions.

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

Under the Eleventh Amendment, states and state agencies are immune from suit for monetary damages in federal court. See, e.g., P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L.Ed.2d 605 (1993). Because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, its employees share in the Commonwealth's Eleventh Amendment immunity to the extent that they were sued in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); see also Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir.2000). Because the Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment, see Lavia, 224 F.3d at 195; 42 Pa. Cons.Stat. Ann. § 8521(b), it is recommended that all claims against the DOC Defendants in their official capacities be dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that Defendants' Motions to Dismiss be denied with respect to Plaintiff's Eighth Amendment and punitive damages claims. It is further recommended that the Motions to Dismiss be granted with respect to Plaintiff's Fourth, Fifth and Fourteenth Amendment claims, as well as his claims pursuant to 42 U.S.C. §§ 1985 and 1986 and 18 U.S.C. § 241 and 242. Finally, it is recommended that Plaintiff's claims against DOC Defendants, in their official capacities, be dismissed as barred by the sovereign immunity provisions of the Eleventh Amendment.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by January 3, 2012. Failure to timely file objections will waive the right to appeal. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Respectfully submitted,

/s/ Maureen P. Kelly
United States Magistrate Judge

Dated: December 14, 2011

cc: Domingo Colon Montanez
ED-3826
SCI Dallas
1000 Follies Road
Dallas, PA 18612

All counsel of record via CM/ECF