IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINGO COLON MONTANEZ,<br>     Plaintiff,<br><br>  vs.<br><br>PA HEALTH CARE SERVICE STAFFS;<br>CHIEF COUNSEL STAFF; POLICY<br>MAKER STAFFS; JEFFREY A. BEARD;<br>ROBERT TRETINIK; MICHAEL HERBIK;<br>CHRISTOPHER MEYER; DARLA<br>COWDEN; PAUL DONEGAN;<br>ELLSWORTH; BONNIE RITTENHOUSE;<br>MAIL ROOM PROPERTY ROOM<br>STAFFS; MAIL ROOM STAFFS;<br>ACCOUNTANT STAFFS; BUSINESS<br>MANAGER; PROGRAM REVIEW<br>COMMITTEE STAFFS (PRC),<br>     Defendants. | Civil Action No. 09-1547<br>Judge Joy Flowers Conti<br>Magistrate Judge Maureen P. Kelly<br><br><br><br><br>ECF No. 151 |

MEMORANDUM ORDER

Plaintiff, Domingo Colon Montanez ("Plaintiff"), filed an appeal of the order entered by a magistrate judge on October 9, 2012, denying Plaintiff's eighth request for the appointment of counsel. ECF No. 151. The magistrate judge denied Plaintiff's motion finding that he had not added any new averments to those set forth in his previous seven motions requesting counsel or offered the court any basis for exercising its discretion that has not already been considered by the court.[1] See ECF No. 77. Although the court finds that the magistrate judge's findings are neither clearly erroneous nor contrary to law, see Fed. R. Civ. P. 72, at this juncture it appears appropriate to revisit the factors relevant to the question whether the court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the

---

[1] In so finding, the magistrate judge specifically referred to the memorandum order dated March 29, 2011, in which Plaintiff's fifth request for the appointment of counsel was denied by Chief Magistrate Judge Lisa Pupo Lenihan, who was assigned to the case at that time. The case was subsequently referred to Judge Maureen P. Kelly on June 21, 2011. See ECF No. 90.

prosecution of his case.

It is well established that an indigent litigant has no statutory right to appointed counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) ("Tabron"). Under 28 U.S.C. § 1915(e)(1), however, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Whether or not such a request is warranted is a matter of discretion and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58.

In determining whether to request counsel, the United States Court of Appeals for the Third Circuit has set forth certain factors for the court to consider. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) ("Parham"); see Tabron, 6 F.3d at 155-57. As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Id. Once the court is satisfied that the claim has some merit, the court considers the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155-56). "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should

2

exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

At issue in this case is whether Defendants violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment by failing to provide him with adequate medical care. To succeed on his claim, Plaintiff must demonstrate: (1) a serious medical need; and (2) that Defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Deliberate indifference exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Inconsistencies or differences in medical diagnoses, short delays unaccompanied by arbitrary or unduly burdensome bureaucratic procedures, and the refusal to summon the medical specialist of the inmate's choice, perform tests or procedures that the inmate desires, or to explain to the inmate the reason for medical action or inaction, however, do not amount to cruel and unusual punishment. Maqbool v. University Hosp. of Medicine & Dentistry of New Jersey, Civil Action No. 11-4592, 2012 WL 2374689, at * 9 (D.N.J. June 13, 2012). Likewise, allegations of negligence or medical malpractice do not amount to cruel and unusual punishment. See Spruill, 372 F.3d at 235 (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable). As such, allegations that the inmate was provided with medical care, but the care was "inadequate" are insufficient to state a cognizable claim. See Taylor v. Visinsky, 422 F. App'x 76, 78 (3d Cir. 2011).

3

Here, Plaintiff's complaints revolve around the medical treatment he is receiving for liver cancer, cirrhosis and Hepatitis C. Plaintiff contends that, although he was informed that he is dying from these diseases, he has not received "medical treatment or medications." In particular, Plaintiff complains that he has not been referred to an "outside hospital to be treated, hospitalized, or receive a liver transplant." ECF No. 10, at 2, 3. Defendants, however, moved for summary judgment, citing to a series of progress notes from Plaintiff's medical records which show that on August 23, 2010, after review of Plaintiff's "labs and CXR," Plaintiff was advised that he does not have lung or liver cancer and that he has been told this by multiple health care providers. ECF No. 133-5, at 2. In addition, the progress notes, as well as Plaintiff's own deposition testimony, show that Plaintiff was prescribed interferon (ribavin, 600 mg) to treat Hepatitis C in June 2010, and that in September 2009, a physician's assistant attempted to review Hepatitis C and "how it works" with Plaintiff. ECF Nos. 133-6, at 2; 133-3, at 24-25; 133-7, at 2. Thus, contrary to Plaintiff's assertions, the record seemingly establishes that he does not suffer from liver cancer and that he is being treated for Hepatitis C. Under these circumstances, it would appear that Plaintiff may be unable to establish that Defendants were deliberately indifferent to a serious medical need. Although Plaintiff has not yet responded to the motions for summary judgment it cannot be said, at this juncture, that Plaintiff has a meritorious claim. Accordingly, requesting counsel to represent him at this time is not warranted.

Consideration of the other factors set forth in Tabron also does not alter the court's conclusion.

Factors one and two require the court to consider the litigant's ability to present his case and the difficulty of the legal issues involved. With respect to the latter factor, the only issue

4

remaining in this case is whether Defendants were deliberately indifferent to a serious medical need, which is neither difficult nor complex. See Parham, 126 F.3d at 459. Indeed, at this stage of the proceedings, the issue is raised in the motion for summary judgment to which Plaintiff may respond.

Plaintiff contends that his ability to present his case is hindered by the facts that his first language is Spanish; he is not an attorney and only has an eighth grade education; he has no telephone or computer in his cell; he does not own a copy machine; and he has no typist, paralegal or anyone else in the library to help him. The record, however, demonstrates that Plaintiff is capable of litigating his case. Indeed, in addition to the eight motions in which he requested the appointment of counsel, Plaintiff filed a myriad of other motions in which he sought injunctive relief; default judgment; leave to amend the complaint; extensions of time when appropriate; and orders directing service and to compel discovery. Plaintiff also filed objections to Reports and Recommendations filed by the magistrate judges assigned to the case, appeals from their orders and appropriate responses to motions filed by Defendants. In each instance, where apt, Plaintiff cited to case law and rules of procedure. Many of Plaintiff's submissions are typed notwithstanding the alleged lack of a typist. See ECF Nos. 21, 22, 30, 31, 54, 55, 56, 60, 61, 63, 68, 86, 87, 88, 91, 93, 94, 95, 96, 100, 101, 102, 104, 105, 108, 115, 116, 119, 120, 125, 142, 143, 145, 146, 147, 151. These filings not only demonstrate that Plaintiff – despite having only an eighth grade education – is able to present his case and that he has an adequate command of the English language, but that he has more than sufficient knowledge of the litigation process, including the discovery rules. The court also notes that pro se litigants may not own a photocopier or have a typist or paralegal to assist them, and those that are

incarcerated certainly do not have telephones or computers in their cells. As evidenced by the record in this case, the fact that Plaintiff suffers these same setbacks does not render him incapable of presenting his case or provide the basis for requesting an attorney to represent him.

Similarly, the third consideration -- the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation -- does not weigh in favor of requesting counsel to represent Plaintiff. Not only did discovery close on June 15, 2012, but, as previously discussed, the only issue remaining is whether Defendants were deliberately indifferent to a serious medical need, which issue is raised in Defendants' pending motion for summary judgment.

With respect to the fourth consideration, while credibility of witnesses is always at issue in a case, it does not appear that this case will turn on credibility determinations or become a swearing contest. See Parham, 126 F.3d at 460 ("courts should determine whether the case was solely a swearing contest"). The medical records speak for themselves and seemingly document the treatment that Plaintiff has, or has not, received.

The fifth factor requires the court to consider whether the case will require the testimony of an expert witness. While at first blush it appears that Plaintiff's case would benefit from expert testimony, given the nature of the evidence already before the court, the court finds that such testimony may not be necessary to resolve the question whether Defendants were deliberately indifferent to Plaintiff's serious medical needs.[2]

The only factor that may weigh in Plaintiff's favor is his inability to afford to retain

---

[2] In so finding, the court recognizes, as has Plaintiff, that Defendants Dr. Herbik, Dr. Donegan. P.A. Meyer, P.A. Cowden, and Ms. Rittenhouse have argued that they are entitled to summary judgment because Plaintiff failed to proffer any expert testimony establishing that any action or inaction by Defendants caused Plaintiff harm. See ECF No. 138, at 6-7. Defendants' motions for summary judgment may be resolved without reaching that issue and, if so, there is no prejudice.

counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. While it may be that this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors discussed. See Torrence v. Saunders, Civil Action No. 10-922, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, Civil No. 3:CV-11-1582, 2011 WL 6100333, at *2 (M.D.Pa. Dec. 7, 2011); Ortiz v. Schmidt, Civil Action No. 10-5403, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).

The court notes that to the extent Plaintiff suggests that his need for counsel is evidenced by the Clerk of Court's failure to file Plaintiff's appeal from the magistrate judge's February 15, 2012 order denying his seventh request for counsel, and by the fact that he was unable to conduct discovery, the record is to the contrary. See ECF No. 151, at 1, ¶¶ 4, 5. Plaintiff's appeal from the magistrate judge's February 15, 2012 order was not only filed but, by Plaintiff's own admission, the motion was ruled on by the undersigned on October 17, 2012. ECF Nos. 146, 149. Although, to be sure, Plaintiff's appeal was not filed in a timely fashion, the court assures Plaintiff that the delay was due to the United States Post Office closing the court's post office box, to which Plaintiff had mailed his appeal, and not because of any bias, prejudice or ill will by the Clerk of Court or his staff.

Plaintiff offered no explanation, and there is nothing in the record, to support Plaintiff's assertion that he was prevented from conducting discovery. In fact, Plaintiff's position is belied by his filing two motions to compel discovery which were fully briefed and ruled upon by the court. See ECF Nos. 88, 89, Text Order dated 6/20/2011, 91, 97, 98.

Accordingly, because the court finds, as did the magistrate, that consideration of the Tabron factors does not warrant at this time requesting counsel to represent Plaintiff in this

matter, the following order is entered:

AND NOW, this 23rd day of January, 2013, IT IS HEREBY ORDERED that the non-dispositive order entered by Magistrate Judge Maureen P. Kelly on October 9, 2012, ECF No. 148, is AFFIRMED and the case is referred back to the magistrate judge for further proceedings.

By the court:

/s/Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Domingo Colon Montanez
ED-3826
SCI Dallas
1000 Follies Road
Dallas, PA 18612

All counsel of record by CM/ECF